UNITED STATES of America, Plaintiff,

v.

Daryl B. COX; Barbara A. Cox; Daryl Cox & Sons, Inc.; Robert Harris; Alice Harris; and Board of County Commissioners of Clay County, Kansas, Defendants.

No. 88–4105–S.

United States District Court, D. Kansas.

Feb. 15, 1990.

**1024**

Bruce H. Wingerd, Clay Center, Kan., Benjamin L. Burgess, Jr., U.S. Atty., Jackie A. Rapstine, Topeka, Kan., for plaintiff.

John R. Hooge, Lawrence, Kan., John F. Bosch, Clay County Atty., Clay Center, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiff's motion for partial summary judgment on defendants Coxes' counterclaim. This is an action on a promissory note assigned to the Small Business Administration, secured by personal and real property. The debtor on the note is Daryl Cox & Sons, Inc. and the note is guaranteed by Daryl B. Cox and Barbara A. Cox. The debtors and guarantors have filed a counterclaim alleging that the collateral which secured the promissory note was sold by First National Bank of Clifton, Kansas, plaintiff's assignor, in a commercially unreasonable manner. Therefore, the debtors argue that plaintiff should not be permitted to foreclose on the indebtedness. The counterclaim also asserts that the real estate securing the promissory note is exempt homestead and cannot be the subject of foreclosure. Plaintiff seeks summary judgment on the issue of whether the collateral, certain equipment, securing the promissory note was sold in a commercially reasonable manner and on the issue of whether the real estate securing the note is exempt homestead.

The following facts have been established for the purpose of this motion. Daryl Cox & Sons, Inc. executed a promissory note, payable to First National Bank of Clifton, Kansas, on March 29, 1985. Also, a personal guaranty was executed by Daryl B. Cox and Barbara A. Cox that same day. Before the bank sold the personal property which served as collateral for the note, debtor was given several months to sell the property. The bank and debtor agreed that if the personal property was not sold by May 15, 1987, it would be sold at auction. The personal property consisted of water well drilling rigs, vehicles, irrigation equipment and supplies, and various tools and other items. A public auction was held on August 17, 1987, at which the equipment was sold.

Prior to the auction, notice of the time and place of the auction and a list of the major items to be sold was included in the Kansas Water Well Association's July 1987 newsletter. Flyers containing notice of the sale were prepared and mailed to all members of the Nebraska Water Well Association. Flyers were also sent to banks in larger Kansas communities and a total of approximately 500 flyers were distributed. These flyers gave notice of the time and place of the sale and the items to be sold. Moreover, advertisements of the sale appeared in *Grass and Grain* and *High Plains Journal,* two Kansas publications having state-wide distribution. The sale also was advertised in six newspapers in surrounding counties. Finally, the sale was nationally advertised in the *National Well Drillers Buyers Guide,* in the issue published just prior to the August 17, 1987, sale. One hundred and twelve bid numbers were assigned to people at the August 17, 1987, sale in Clifton, Kansas.

The mortgage on the real estate entered between Daryl B. Cox and Barbara A. Cox, husband and wife, and the First National Bank of Clifton, Kansas, was a consensual lien signed by Daryl B. Cox and Barbara A. Cox.

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.,* 758 F.2d 1381, 1387 (10th Cir.1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the party opposing the motion. *Bee v. Greaves,* 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied,* 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

■ Defendants/debtors assert three arguments contending that the sale was not in a commercially reasonable manner. K.S.A. Section 84–9–504(3) states that a public sale of collateral must be commercially reasonable in its method, manner, time, place and terms. First, defendants contend that the secured party did not advertise the sale in a commercially reasonable manner. Basically, defendants contend that notice of the sale was not mailed to each individual member of the Kansas Water Well Drillers Association, and that the notice of the sale included in that association's newsletter was not conspicuous. Without doubt, the court finds that the advertising of the sale was done in a commercially reasonable manner. The evidence presented to the court clearly shows that the sale was more than adequately advertised. The notice of the sale was mailed to Nebraska well drillers (Clifton, Kansas, is about 30 miles south of the Nebraska/Kansas border.) Notice of the sale was included in the Kansas Water Well Drillers Association newsletter and the sale was advertised in two state publications and in six newspapers in nearby counties. The court finds this definitely to be commercially reasonable advertising.

Secondly, defendants argue that the secured party failed to take sufficient time to sell the personal property and that the bank was not justified in forcing the auction without at least putting minimum price bids on certain equipment. The uncontested affidavit of Maurice Lervold, former president of the First National Bank of Clifton, Kansas, states that debtor was given several months to attempt to sell the property before the auction was held. Defendants' contention that a minimum required bid should have been placed on the equipment is not supported by any of the evidence.

■ Finally, in the relation to the public sale, defendants argue that the prices actually received from the sale of the equipment were well below the fair market value. K.S.A. § 84–9–507(2) states that

"[t]he fact that a better price could have been obtained by a sale at a different time or a different method from that selected by the secured party is not of itself sufficient to establish the sale was not made in a commercially reasonable manner."

First, the court finds that defendants have presented no evidence that the prices actually received at the sale were below the fair market value. Nonetheless, the fact that a better price might have been obtained if

the sale had been conducted in a different manner does not by itself establish that the sale was commercially unreasonable.

For all the foregoing reasons, the court finds that the evidence clearly shows that the public sale conducted on August 17, 1987, was commercially reasonable.

■ Finally, defendants argue that the real property on which plaintiff's predecessor had a mortgage is exempt homestead property. K.S.A. 60–2301 states that a homestead

> "shall be exempted from forced sale under any process of law and shall not be alienated without the joint consent of husband and wife, when that relation exists...."

This section goes on to say

> "[t]he provisions of this section shall not apply to any process of the law obtained by virtue of a lien given by the consent of both husband and wife, when that relation exists. *Id.*

The mortgage in this case, Exhibit G of plaintiff's motion for partial summary judgment, was signed by both Daryl B. Cox and Barbara A. Cox, husband and wife. The court finds that this consensual creation of a lien on the property precludes the application of the homestead exemption found in K.S.A. 60–2301, since both husband and wife consensually entered into the mortgage. Defendants contend that the real property was listed as exempt in their amended bankruptcy schedules, and thus, foreclosure is precluded. The government, however, has shown that the bankruptcy court entered an order granting the government's assignor, First National Bank of Clifton, Kansas, relief from the automatic stay and allowing pursuit of foreclosure actions on the secured property.

Therefore, the court finds that there is no genuine issue of fact triable concerning the commercial reasonableness of the sale of certain equipment and whether the real property securing debtors' debt is protected by the homestead exemption.

IT IS THEREFORE BY THE COURT ORDERED that plaintiff's motion for partial summary judgment is granted.